STANHILBER and others, Respondents, vs. THE MUTUAL MILL INSURANCE COMPANY, Appellant.

*February 27 — March 18, 1890.*

INSURANCE AGAINST FIRE. *(1) Conflict of laws: Attaching copy of application to policy. (2) Agency: Waiver of conditions.*

1. Sec. 1945a, R. S. (providing that the omission to attach to or indorse upon a fire insurance policy a true copy of the application of the assured shall preclude the insurance company from pleading or proving such application or the falsity of any representation therein), applies to a contract made by a foreign insurance company in another state, insuring property in this state.

2. An agent of an insurance company may, at the time of making the contract, waive by parol a clause in the policy providing that the assured shall become a co-insurer on his failure to keep the property insured to four fifths of its value.

APPEAL from the County Court of *Winnebago* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This is an action upon a policy of insurance issued by

the defendant company, for value received, to the firm of Stanhilber, Amos & Co., September 23, 1885, insuring the property therein described, against loss or damage by fire or lightning, in the sum of $2,500, from September 22, 1885, to October 1, 1890. Upon the joining of issue, and waiving of a jury, and trial had, the court found as matters of fact, in effect, as stated, and also that June 4, 1886, a fire occurred, by which the property so insured, or a part thereof, was destroyed and damaged by fire to the amount of $17,523.05. That said firm thereupon gave to the defendant immediate notice in writing of such loss, and within thirty days after said fire duly rendered to the defendant a particular statement or proof of said loss, as required by the policy, and that the plaintiffs had duly performed and fulfilled all the conditions of said policy on their part. That said proofs of loss were duly received by the defendant within thirty days after said fire. That the defendant had not paid said loss, or any part thereof, but is now justly indebted to the plaintiffs therefor, upon said policy, in the sum of $2,132.80. That the value of the insured property at the time of said loss was $33,503.28. That the loss or damage was $17,523.08. That the total insurance thereon at that time was $25,000. That the members of said firm, not parties to this action, had assigned their interest therein to the plaintiffs, January 31, 1887. That the defendant was, at the several times mentioned, and is, a corporation duly organized and existing under the laws of the state of Illinois. That the assured, at the time of said loss, held a policy for $1,000 in the Orient Insurance Company, containing the following clause: "It is a part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that the assured shall maintain insurance on the property hereby insured by this policy to the extent of four fifths of the actual cash value thereof, and, failing so to do, the assured shall be a

co-insurer to the extent of such deficit, and in that event shall bear his, her, or their proportion of any loss. It is, however, mutually understood and agreed that in case the total insurance shall exceed four fifths of the whole actual cash value of the property insured by this policy, the assured shall not recover from this company more than its *pro rata* share of four fifths of the whole actual cash value of such property." That said clause is what is known and understood in insurance contracts and among insurance men as the "four fifths clause." That there is printed on the back of the policy so issued by the defendant to said firm, under the head, "Relating to the method of adjustment of loss and payment thereof," the following: "(5) If this policy is made payable in case of loss to a third party, or held as collateral security, the proofs of loss shall, nevertheless, be made by the party insured at the time of the fire, but this company shall not, in such case, or under any circumstances whatever, be liable for a greater proportion of any loss upon property described in this policy than the sum hereby insured bears to the whole sum insured thereon, whether such other insurance be by specific or by general or by floating policies, or whether such other insurance be valid or collectible or not; and it is hereby declared and agreed that in case of the insured holding any other policy in this or any other company on the property insured, subject to the conditions of average, this policy shall be subject to average in like manner." That at the time of the making of the application for insurance in the defendant company, and at the time of the issuance of said policy, and the making of proofs thereof by the plaintiffs, one Rudolph was the agent of the defendant company, and in and about the effecting of said insurance and the making of said contract acted for and in behalf of the defendant. That while so acting as such agent for the defendant said Rudolph represented to said firm that the policy issued by said company,

and to be issued upon said application, did not contain a four fifths clause. That there was not attached to the policy in suit, nor indorsed thereon, a true copy, or any copy, of any application or representation of the assured, in any manner or in any form whatever; but that the said defendant company neglected to comply with the requirements of sec. 1945a, R. S. of Wis. That all the allegations of the complaint, except as therein found, are true. That, save and except as therein found, no allegation of the defendant's answer was true.

And as conclusions of law the court found, in effect, that by the terms of the policy in question the said firm became co-insurers the same as though such four fifths clause had been inserted therein, but that said defendant company is estopped from so claiming on account of the representations of its agent Rudolph, as above found; that the defendant is not entitled to any reduction from the amount due the plaintiffs on account of said loss, because of such four fifths clause contained in the policy of the Orient Insurance Company; that the plaintiffs are entitled to recover in this action from the defendant the sum of $1,752.30, the amount of their loss properly chargeable to the defendant on its policy, together with interest thereon from September 3, 1886, amounting in all to the sum of $2,132.80; and that judgment be entered thereon in favor of the plaintiffs and against the defendant for that amount, with costs to be taxed. From the judgment entered upon such findings the defendant appeals.

For the appellant there was a brief by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.* They contended, *inter alia,* that the contract of insurance having been made in Illinois, sec. 1945a, R. S., does not apply to it. To give this statute effect upon contracts made outside of the state, is to destroy the remedy of a citizen of a neighboring state for a breach of a contract made in his own

state. This would be contrary, not only to the constitution of the United States, but also to that comity which is recognized and practiced between the states. Const. of U. S. art. I, sec. 10; Cooley's Const. Lim. 289; *Ogden v. Saunders*, 12 Wheat. 322; *Bronson v. Kinzie*, 1 How. 311; *Walker v. Whitehead*, 16 Wall. 317; *Von Baumbach v. Bude*, 9 Wis. 578; *Oatman v. Bond*, 15 id. 30. The validity and construction of a contract made and to be performed in Illinois are to be determined by the Illinois law. May on Ins. sec. 66; Whart. Confl. Laws, secs. 487–492; Story, Confl. Laws, sec. 242; *Blanchard v. Russell*, 13 Mass. 1; *Kentucky v. Bassford*, 6 Hill, 526; *Newman v. Kershaw*, 10 Wis. 333; *Swann v. Swann*, 21 Fed. Rep. 299; *In re Insurance Co.* 22 id. 109; *Central Trust Co. v. Burton*, 74 Wis. 329. It is a general rule that whatever constitutes a good defense by the law of the place where the contract is made or to be performed, is equally good in every other place where the question may be litigated. 2 Kent's Com. (12th ed.), 459; *Fisher v. Otis*, 3 Pin. 91; *Murray v. Crocker*, 6 Wis. 231, and cases cited. The application for and acceptance of the policy in suit made the insured members of the Illinois corporation defendant. 1 Starr & Curtis, Ill. Stat. 1315, sec. 14. And this was so although the application for membership was signed in Wisconsin, if sent to Chicago and accepted there. *M'Intyre v. Parks*, 3 Met. 207; *Greenwood v. Curtis*, 6 Mass. 358; *Milliken v. Pratt*, 125 id. 374; *Lamb v. Bowser*, 7 Biss. 315; *Hull v. Augustine*, 23 Wis. 383.

For the respondents there was a brief by *Weisbrod, Thompson & Harshaw*, and oral argument by *A. E. Thompson*.

CASSODAY, J. It is claimed that the application for the insurance was made by the firm and dated in Chicago, where the premium was paid and the loss, if any, was payable; that by the terms of the application there was to be

a total concurrent insurance upon the property, including the policy in question, of $40,000; that such representation was a continuing warranty that that amount of insurance should be continued upon the property; that at the time of the fire, as a matter of fact, there was only the amount mentioned in the foregoing statement, and hence that the amount of the defendant's liability was proportionately reduced. The difficulty with this claim is that no copy of such application, nor of any application or representation on the part of the assured, was ever attached to or indorsed upon the policy as required by sec. 1945a, R. S.[1] The result is that if that section is applicable and binding, then such omission to so attach to the policy or indorse thereon a copy of such application, forever precluded the defendant from pleading, alleging, or proving such application, or the falsity thereof, in any action upon the policy. *Ibid.; Dunbar v. Phenix Ins. Co.* 72 Wis. 492.

It is conceded that at the time of issuing the policy the defendant company had no license to do business in this state. The broad contention is that this contract of insurance is to all intents and purposes an Illinois contract, and that although it was for the insurance of property in Wisconsin, yet that it was binding upon the parties without compliance with the statutes of this state, and regardless of their requirements. It has recently been held by this court that sec. 1943, R. S., relating to the measure of damage

---

[1] Sec. 1945a, R. S., provides: "All fire insurance corporations . . . shall, upon the issue or renewal of any policy, attach to such policy, or indorse thereon, a true copy of any application or representations of the assured, which, by the terms of such policy, are made a part thereof, or of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy. . . . If any corporation neglects to comply with the requirements of this section, it shall forever be precluded from pleading, alleging, or proving such application or representations, or any part thereof, or the falsity thereof, or any part thereof, in any action upon such policy. . . ."— REP.

in cases of real property insured and destroyed, "applies to all insurance contracts, no matter where made, affecting real property in this state." *Seyk v. Millers' Nat. Ins. Co.* 74 Wis. 67. It is to be remembered that a contract against loss by fire is a contract of indemnity. *Darrell v. Tibbitts,* L. R. 5 Q. B. Div. 560. In fact this is elementary, and needs no citation of authority. Although it may relate to the loss of real property, yet it in no way attaches to or affects the title of such property. The nature of the contract, therefore, is the same whether the risk is upon real or personal property. The logic of the decision in *Seyk v. Millers' Nat. Ins. Co., supra,* is equally applicable to personal property. "Foreign insurance companies are not compelled to do business in this state. If they voluntarily choose to do so, however, they must submit to such conditions and restrictions as the legislature may see fit to impose." *State v. U. S. M. A. Asso.* 67 Wis. 629. In support of that proposition numerous decisions are cited in that case, not only from this court and the courts of other states, but of the supreme court of the United States. As there indicated, that court has uniformly held that such state legislation does not pertain to matters of interstate commerce, nor the privileges or immunities of citizens in the several states, and this clause is there quoted from an opinion of that court by Mr. Justice FIELD: "They [the several states] may exclude the foreign corporation entirely; they may restrict its business to particular localities; or they may exact such security for the performance of its contracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion." *Paul v. Virginia,* 8 Wall. 181; *Ducat v. Chicago,* 10 Wall. 410; *Liverpool Ins. Co. v. Massachusetts,* 10 Wall. 566; *Philadelphia F. Asso. v. New York,* 119 U. S. 117. See, also, *Fritts v. Palmer,* 132 U. S. 282; and *List v. Comm.* 118 Pa. St. 322. A contract insuring property in this state

necessarily involves the doing of business in this state, and hence is subject to the laws of this state. The location, amount, condition, preservation, care, destruction, and value of such property, and the evidence relating to the same, are subjects of local concern and business, and hence the subjects of local legislation. We must hold that the trial court properly excluded from its consideration, as evidence, the application in question, by reason of the omission to attach a copy of the same to the policy or indorse it thereon, as stated.

Assuming that the clause of the policy in question contained in the foregoing statement was such as to import into that policy the four fifths clause contained in other policies on the same property, still it was competent for the defendant in making the contract of insurance to waive such clause by parol. The trial court found, in effect, that the defendant, by its agent, in making such contract, did waive such clause. Such finding is supported by the evidence. That such agent, under our statutes, has authority to waive such conditions by parol is settled by numerous decisions of this court. Sec. 1977, R. S.; *Renier v. Dwelling House Ins. Co.* 74 Wis. 94–96. It follows that the defendant is entitled to no deduction by reason of the four fifths clause contained in the policy issued by the Orient Insurance Company. The policy in question constituted one tenth of the total insurance upon the property destroyed at the time of the fire. It was only held liable for one tenth of the total loss. It follows from what has been said that the defendant was not held liable for any more than its proportionate share of such loss.

*By the Court.*— The judgment of the county court is affirmed.