Seamans vs. The Knapp-Stout & Co. Company.

SEAMANS, Receiver, Respondent, vs. THE KNAPP-STOUT & Co. COMPANY, Appellant.

*December 11, 1894 — January 8, 1895.*

*Insurance against fire: Conflict of laws: Property in another state: Place of making contract: Validity: Agency.*

1. An insurance company of this state may, within this state, make a valid contract of insurance upon property of another corporation of this state, although such property is situated in another state in which the insurance company has no authority to do business.

2. Chicago brokers solicited insurance from defendant, a Wisconsin corporation, at its St. Louis office, and upon its consent to take insurance upon certain property in Iowa requested a Wisconsin insurance company, located at Milwaukee, to write the same. The insurance company sent a policy, together with a blank application containing questions for defendant to answer and a premium note for it to sign, to the brokers, who forwarded them to St. Louis, where the defendant accepted the policy and, after filling out the application and signing the note, returned them with the cash premium to the brokers at Chicago, who sent them, after deducting commission, to the insurance company at Milwaukee. The policy recited that the application and premium note had been given and were on file in the company's office in Milwaukee, and that the application was a part of the contract of insurance. *Held,* that the contract did not become complete until the application and premium note were received and approved by the company. It was therefore made in Milwaukee, and its validity is to be determined by the laws of Wisconsin.

3. The brokers who solicited the insurance were not agents of the insurance company.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

The Milwaukee Mutual Fire Insurance Company was a corporation duly organized and existing under secs. 1941a–1941f, R. S., during all the times herein mentioned, doing a business of insurance upon the mutual plan. During all of the same time the defendant herein has been a corporation duly organized and existing under the laws of Wisconsin, with its headquarters or place of business in this state, and doing a lumber business in this and other states. On December 3, 1888, the defendant was the owner of certain lumber, lath, shingles, sash, doors, blinds, timber, and logs in its yard at Ft. Madison, Iowa, and at that date procured a policy of insurance on the same from said insurance company for $2,500, to run for a period of five years, mutual in its form, and at the same time gave the insurance company its premium note for $250, payable in instalments at such times as the directors of said company might order or assess for the losses and expenses of said company, pursuant to its charter and by-laws. On April 23, 1888, the defendant was the owner of certain other lumber, lath, shingles, sash, doors, blinds, timber, and logs situate in its yard at St. Louis, Mo., and at that date procured a policy of insurance thereon from said insurance company for $1,500, to run for the period of five years, mutual in its form, and at the same time gave back a premium note of $120, payable in instalments at such times as the directors of said company might order or assess for the losses and expenses of said company, pursuant to its charter and by-laws.

On January 8, 1891, the plaintiff was appointed receiver of said insurance company, and qualified as such. On July 9, 1892, the plaintiff, under the direction of the court, assessed the defendant on said first-named policy $125, and on said second-named policy $60, and the same was confirmed by the superior court of Milwaukee county. The plaintiff

gave due notice of such assessment to the defendant, and demanded payment thereof, as provided by said charter and by-laws of the insurance company, but the defendant refused to pay the same.

On November 14, 1892, the plaintiff commenced this action, alleging the facts mentioned in proper form, and other appropriate facts. The defendant answered said complaint by way of admissions, denials, and allegations to the effect that the policy of $2,500 was made in Iowa and in violation of the laws of that state, and was therefore void, and that the policy of $1,500 was made in Missouri and contrary to the laws of that state, and was therefore void.

The parties waived a jury and tried said cause before the court upon a written stipulation of the facts as applicable to the first cause of action, to the effect that at the times mentioned W. E. Smith & Co. were insurance brokers in Chicago, and as such solicited insurance of the defendant at its office in St. Louis, to be written upon the mutual plan or in mutual companies; that the defendant thereupon "consented to take insurance in acceptable companies from said William E. Smith & Co., upon the mutual plan, upon its property located at Fort Madison;" that Smith & Co. then applied by letter to the Milwaukee Mutual Fire Insurance Company at Milwaukee to write a portion of said insurance, whereupon said company, at its office in Milwaukee, filled out an application with a note at the bottom thereof, except the answers to the questions therein, a copy of which application and note is annexed to the stipulation and in the record, and made a part thereof, together with the policy of insurance upon the property of the defendant at Ft. Madison, bearing date at Milwaukee, December 3, 1888, insuring said property in the sum of $2,500 for the period of five years, and which policy upon its face states that it was issued in consideration of the assured having paid the cash premium of $50, and having given its premium note for the

sum of $250, agreeing thereby to pay all such sums as might be assessed on such note by the board of directors of the insurance company in accordance with the charter and by-laws of said company; that said application, note, and policy of insurance were mailed by the insurance company to said Smith & Co., and by them were mailed to the defendant at its office in St. Louis; that thereupon the defendant accepted said policy of insurance, and answered said questions contained in said application, and signed said application and accompanying note, and returned the same to said Smith & Co., together with the cash premium of $50, and that Smith & Co. receipted therefor, and that thereupon Smith & Co. mailed said application and premium note to said insurance company, and remitted to said insurance company said cash premium of $50, less twenty per cent. thereof, allowed by said insurance company to said Smith & Co. as commission in procuring said insurance; that afterwards all transactions relating to said policy and said risk were conducted and carried on by mail directly between the insurance company and the defendant; that said Smith & Co. were never the regularly appointed agents of the insurance company, and never had authority to write policies for that company, and never had in their possession any blank policies of said insurance company, and were never employed by the insurance company to solicit insurance for it, but that said insurance company from time to time issued policies on risks that had been procured by said Smith & Co., upon which the insurance company allowed said Smith & Co. a commission of twenty per cent. of the first cash premium collected, as compensation for securing the business.

The stipulation as to the second cause of action was substantially the same as the first, except that the date of the policy was April 23, 1888, and for $1,500, for a period of five years, on property of the same kind, located at St. Louis;

and that the Manufacturers' Mutual Fire Insurance Company of St. Louis, Mo., acted as broker in procuring said policy, instead of said William E. Smith & Co.

At the close of the trial the court found as matters of fact, in effect, that the allegations of the complaint were true; that the facts contained in said written stipulation were true; (3) that the contracts sued upon were both made and completed within the state of Wisconsin between corporations organized under the laws of Wisconsin, and were valid; (4) that the persons who solicited the insurance in the case of each of said policies were insurance brokers residing outside of Wisconsin, and were not the agents of the insurance company, and in so far as they acted in procuring said insurance were the agents of the assured; (5) that said policies of insurance and the accompanying notes were legal and valid policies and notes, and were issued and made on due and valid consideration; (6) that the insurance company had never procured a license or complied with the laws of the state of Missouri or the state of Iowa; that the insurance company was duly authorized to make said contracts under and according to the laws of Wisconsin. And as conclusions of law the court found, in effect, that the plaintiff was entitled to judgment upon both causes of action alleged as prayed; that the facts alleged in the answer, as shown by the stipulation, did not constitute a defense to either cause of action; and judgment was thereby ordered against the defendant and in favor of the plaintiff for the amount of said assessments with interest, together with costs. From the judgment entered upon said findings accordingly the defendant appeals.

For the appellant there was a brief by *La Boule & Hunt*, and oral argument by *F. S. Hunt*. They contended, *inter alia*, that both contracts of insurance were made in Missouri. They were not made until the acceptance of the policy by defendant at its office in St. Louis and the signing

of the application and notes. A contract of insurance is executed at the place where the last act is done which is necessary to complete the transaction and bind both parties. *Ford v. Buckeye S. Ins. Co.* 99 Am. Dec. 663, 6 Bush, 133. Prior to the acceptance of the policy the insurance company was not known to defendant. *Lincoln v. Erie P. Co.* 132 Mass. 129. See, also, 36 Cent. L. J. 371. Until such acceptance the amount and terms of insurance were not agreed upon. *Wallingford v. Home Mut. F. & M. Ins. Co.* 30 Mo. 46. The contract of insurance is governed by the *lex loci contractus. Ford v. Buckeye S. Ins. Co.* 99 Am. Dec. 663. A foreign insurance company cannot withdraw itself from the operation of the statutes of a state in which it does business, by the insertion of clauses in the policy. *Fletcher v. N. Y. L. Ins. Co.* 13 Fed. Rep. 526; *New York L. Ins. Co. v. Fletcher,* 117 U. S. 519; *Mut. Ben. L. Ins. Co. v. Robison,* 54 Fed. Rep. 580; *Equitable L. Ass. Soc. v. Clements,* 140 U. S. 226. Contracts of insurance made in Missouri, unless the insurance company has complied with the statutes, are void. And the validity of the premium notes depends upon the validity of the contract of insurance, for if the latter were void the consideration for which the notes were given fails and they cannot be enforced. *McCutcheon v. Rivers,* 68 Mo. 122; *Wood v. Cascade F. & M. Ins. Co.* 8 Wash. 427; 1 Randolph, Comm. Paper, § 40, and cases cited; *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285; *Seamans v. Zimmerman,* 59 N. W. Rep. 290; *Reliance Mut. Ins. Co. v. Sawyer,* 160 Mass. 413; *Am. Ins. Co. v. Smith,* 73 Mo. 368; *Haverhill Ins. Co. v. Prescott,* 42 N. H. 547; *General M. Ins. Co. v. Phillips,* 13 Gray, 90; *Ætna Ins. Co. v. Harvey,* 11 Wis. 394. The brokers were agents of the insurance company under the Wisconsin statutes or those of Missouri or Iowa. *State v. Farmer,* 49 Wis. 459.

*Geo. E. Sutherland,* for the respondent, argued, among other things, that the contracts of insurance were completed

at the home office of the company in Milwaukee. By the express provisions of the policies they went into effect at noon of the day they were made at Milwaukee. When they were mailed at Milwaukee they were valid subsisting contracts of insurance, then in full force and effect. Under such circumstances, the place of contract is the place where the policies were issued. *Pomeroy v. Manhattan L. Ins. Co.* 40 Ill. 398; *Cox v. U. S.* 6 Pet. 172; *Ford v. Buckeye S. Ins. Co.* 99 Am. Dec. 671, note. If the last act in the transaction is a determining element, then the contention of the appellant entirely fails, because the last act done was the acceptance and approval of the written applications and notes by the company at Milwaukee after the applications and notes were returned. In the case of an insurance contract, when application is sent to the home office for approval and issuance of policy, the contract is complete when the policy is issued and mailed, and the contract will be governed by the law of the state where the home office is located, and the fact that the company sends the policy to an agent to be delivered to the insured makes no difference. *Shattuck v. Mut. L. Ins. Co.* 4 Cliff. 598; *Whitcomb v. Phœnix Mut. L. Ins. Co.* 8 Rep'r, 642; *Northampton Mut. L. S. Ins. Co. v. Tuttle,* 40 N. J. Law, 476; *Smith v. Mut. L. Ins. Co.* 10 Ins. L. J. 190; *Lamb v. Bowser,* 7 Biss. 315; *Huth v. N. Y. Mut. Ins. Co.* 8 Bosw. 538; *Desmazes v. Mut. B. L. Ins. Co.* 7 Ins. L. J. 926; *Huntley v. Merrill,* 32 Barb. 626; *Western v. Genesee M. Ins. Co.* 12 N. Y. 258; *Northwestern Mut. L. Ins. Co. v. Elliott,* 7 Sawyer, 17; *Cromwell v. Royal C. Ins. Co.* 49 Md. 366; *Todd v. State Ins. Co.* 11 Phila. 355; *Tayloe v. Merchants' F. Ins. Co.* 9 How. 390; *Midland Co. v. Broat,* 50 Minn. 562; *Brinker v. Scheunemann,* 43 Ill. App. 659; *Armstrong v. Best,* 112 N. C. 59; Bish. Cont. § 1373. The policies in this case were valid and enforceable under the laws of any state. It is well settled that such policies are binding on the insurance company, even though the com-

pany was not licensed to do business in the foreign state. The company can never be heard to dispute its liability upon the ground that it had not been licensed in such foreign state. Therefore the defendant has received full consideration in valid insurance, and ought to pay for it. *Leonard v. Washburn*, 100 Mass. 251; *Hartford L. S. Ins. Co. v. Matthews*, 102 id. 221; *Clark v. Middleton*, 19 Mo. 53; *Columbus Ins. Co. v. Walsh*, 18 id. 229; *Union Mut. L. Ins. Co. v. McMillen*, 24 Ohio St. 67; *Conn. R. Mut. F. Ins. Co. v. Whipple*, 61 N. H. 61; *Conn. R. Mut. F. Ins. Co. v. Way*, 62 id. 622; *Ehrman v. Union Cent. L. Ins. Co.* 9 Ins. L. J. 347; *Watertown F. Ins. Co. v. Simons*, 96 Pa. St. 520; *American Ins. Co. v. Wellman*, 69 Ind. 413; *Behler v. German Mut. F. Ins. Co.* 68 id. 347; *Atlantic Mut. F. Ins. Co. v. Concklin*, 6 Gray, 73; *Ganser v. Fireman's F. Ins. Co.* 34 Minn. 372; *Phenix Ins. Co. v. Penn. R. Co.* 134 Ind. 215.

CASSODAY, J. The insurance company and the defendant corporation were each created and organized under and by virtue of the laws of this state, and exist only by force of the laws of this state. Since such laws, of themselves, have no extra-territorial force, these corporations cannot migrate to other states, but must dwell in the state of their creation. *Larson v. Aultman & Taylor Co.* 86 Wis. 283, 284, and cases there cited. While these corporations can only live and have their being in this state, yet their residence here creates no insuperable objection to their power to contract and be contracted with in other states, provided they do so in accordance with the laws of such other states. *Ibid.* One of the policies issued by the insurance company covered certain personal property of the defendant located in Iowa, and the other covered certain personal property of the defendant located in Missouri. The authority of each of those states to prescribe the conditions upon which each of said corporations would be allowed to make contracts and do business

therein must be conceded. *State v. U. S. Mut. Acc. Asso.*
67 Wis. 629; *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 291;
*State ex rel. Covenant M. B. Asso. v. Root,* 83 Wis. 680. No
question is made as to the right of the defendant to make
valid contracts and do business in Iowa or Missouri. But it
is conceded that the insurance company never complied
with such conditions so prescribed by those states, respect-
ively, and that by the statutes of each of those states any
contracts made by that company therein were absolutely
void.

But each of the contracts for the insurance of such prop-
erty against loss by fire was a mere contract for indemnity
in case of loss. *Darrell v. Tibbitts,* 5 Q. B. Div. 560; *Stan-
hilber v. Mut. M. Ins. Co.* 76 Wis. 291. Although it related
to the loss of such property, yet it in no way attached to or
affected the title to such property. *Ibid.* Such being the
nature of the contracts sued upon and the residence of the
two corporations, there would seem to be no good reason
why they could not, within the state of Wisconsin, make
valid contracts for indemnity against loss by fire of such
properties, notwithstanding the same were located in such
other states. This seems to be conceded by counsel for the
defendant. The vital question in the case, therefore, is
whether these contracts were made in Wisconsin or in the
respective states where the properties were located.

The negotiation for the insurance upon the Iowa property
was commenced by the Chicago brokers, who solicited in-
surance of the defendant's agent in Missouri, to be written
in mutual companies. The defendant thereupon consented
to take insurance in acceptable companies from such brokers
upon the mutual plan upon its property located at Ft. Madi-
son, Iowa. Said brokers then, by letter, requested the Mil-
waukee Mutual Fire Insurance Company to write a portion
of such insurance. That company thereupon, at its office in
Milwaukee, filled out a blank application for such insurance,

with a premium note at the bottom, to be signed by the defendant, and said application contained some twenty questions for the defendant to answer by writing in the several answers. At the same time, at its office in Milwaukee, that company filled out a policy for such insurance, and such application, note, and policy were each and all dated at Milwaukee, December 3, 1888, and said policy recited that the application and premium note had been given and were on file in the company's office at Milwaukee; that such application was a part of the contract of insurance, and a warranty on the part of the insured; that, if certain conditions existed, the policy should be void; that the charter and by-laws of the company, and the laws of Wisconsin under which it was organized, were thereby declared to be a part of the contract of insurance, and to be resorted to in order to determine the rights and obligations of the parties thereto. Said blank application, blank note, and policy so filled out were thereupon mailed by the insurance company to the Chicago brokers, and by them mailed to the defendant at its St. Louis office. The defendant thereupon accepted the policy, answered the several questions contained in the blank application, and signed the same, and signed said blank premium note, and thereupon returned the application and premium note, so signed, together with the cash premium, to the Chicago brokers, who receipted therefor; and thereupon said brokers mailed said application, note, and cash premium, less twenty per cent. thereof, to the insurance company. The contract to insure the property in Missouri was procured substantially in the same way, except that the brokers were located at St. Louis instead of Chicago.

We are constrained to hold that the application, premium note, and policy must be taken and construed together as one instrument, constituting the contract of insurance. *Herbst v. Lowe*, 65 Wis. 320. This being so, we must hold that the policy, blank application, and blank premium note,

so made out by the insurance company and mailed as mentioned, were a mere proposition by that company to insure the property in case the cash premium should be paid, the premium note should be signed by the defendant, and the several questions propounded in the application should be answered to its satisfaction.  Certainly it was possible that those several questions might have been answered in such a way that neither the Milwaukee company nor any other company would be justified or expected to insure the property.   The trial court rightly.held that the persons so soliciting the insurance were insurance brokers, and in no sense agents of the Milwaukee company; that, in so far as they were agents for any one, they were agents of the defendant. This being so, it necessarily follows that the contract of insurance did not become complete and absolutely binding upon both parties until the note and application were filled out and signed, and submitted to, and in effect approved by, the insurance company.   The contract, therefore, must be deemed to have been made at Milwaukee, where the final assent was given.    *Whiston v. Stodder*, 8 Mart. (La.), 95, 13 Am. Dec. 281; *Ford v. Buckeye S. Ins. Co.* 6 Bush, 133, 99 Am. Dec. 663, and notes; *Hamilton v. Lycoming Mut. Ins. Co.* 5 Pa. St. 339; *Mactier's Adm'r v. Frith*, 6 Wend. 103; *Milliken v. Pratt*, 125 Mass. 374.

"When a contract is made in one country, to be performed wholly or partially in another, *prima facie* the contract is to be construed and enforced according to the *lex loci contractus;* but the court will look at all the circumstances, to ascertain by the law of which country the parties intended the contract to be governed, and will enforce the contract accordingly, unless it should contain stipulations contrary to morality or expressly forbidden by positive law." *In re Missouri Steamship Co.* 42 Ch. Div. 321.  The contract in that case was made in Massachusetts, between an American citizen and a British company, for the carriage of cattle

Seamans vs. The Knapp-Stout & Co. Company.

from Boston to England in a British ship, and contained a clause void as against public policy by the law of Massachusetts, but valid by the law of England, and it was held that the contract itself showed that the parties intended to be governed by the law of England, giving effect to the clause mentioned. This is upon the well-established principle that when a contract is open to two constructions, the one lawful and the other unlawful, the former must be adopted. *Hobbs v. McLean*, 117 U. S. 567; *U. S. v. Cent. Pac. R. Co.* 118 U. S. 236. Much of the seeming conflict in the adjudications upon the subject of the *lex loci contractus* will disappear by carefully discriminating as to the precise nature of the issue and matter under consideration. Thus it was held by the supreme court of the United States that: "Matters bearing upon the execution, interpretation, and validity of a contract are determined by the law of the place where it is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy depend upon the law of the place where the suit is brought." *Scudder v. Union Nat. Bank*, 91 U. S. 406. Here the only question presented is as to the validity of the contract, and that is necessarily governed by the law of the place where it was made, which, as observed, is the law of Wisconsin.

*By the Court.*— The judgment of the circuit court is affirmed.