**JOHNSON et ux. v. MARYLAND CASUALTY CO.**

**No. 14498.**

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

P. M. Milner and Alex E. Rainold, both of New Orleans, for appellant.

Hopkins & Talbot, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit on a burglary policy, issued by the defendant insurance company to the plaintiff Ben L. Johnson, to recover $220, the value of a diamond dinner ring which was stolen from a safety deposit box of the Covington Bank & Trust Company of Covington, La.

The defense is that when the burglary occurred, which is admitted to have been some time during the night of March 2, 1932, the policy had been canceled at the request of the insured.

There was judgment below in plaintiff's favor, and defendant has appealed.

Johnson, who resided at Centerville, Miss., addressed a letter under date of March 1, 1932, to the Adams Insurance Agency at Glocester, Miss., inclosing two insurance policies, one of which is the policy sued on here, with the request that the policies be canceled. The policies arrived in Glocester, Miss., on the next day, March 2, 1932, and the policy issued by the Maryland Casualty Company, the only one we are concerned with, was immediately canceled and forwarded to Black Rogers & Co., Limited, in New Orleans, La. The policy reached Black Rogers & Co., Limited, on March 3, 1932. A few days later a check for the unearned premium calculated on what is known as a short rate table and amounting to the sum of $6.45 was mailed to Johnson and retained by him.

The contention of the plaintiff is that the Adams Insurance Agency, the logal agent of the defendant company, had no authority to cancel the policy, and that therefore it could not have been canceled on the second day of March, the day it was received by that agency, and not until the third of March at the earliest, the day upon which it reached the general agents, Black Rogers & Co., Limited, in New Orleans. On the other hand, the defendant insists that its local agent at Glocester, Miss., did have authority to cancel the insurance, and that it was in fact canceled by that agent as soon as it was received, on the morning of March 2, 1932. The burglary, it is conceded, occurred after that time; consequently, it is contended there is no liability.

The provisions of the policy with respect to cancellation read as follows: "This policy may be cancelled at any time by either of the

parties upon written notice to the other party stating when thereafter cancellation shall be effective and the date of cancellation shall then be the end of the policy period. If such cancellation is at the company's request the earned premium shall be computed pro rata; if at the assured's request the earned premium shall be computed at short rates in accordance with the table printed herein. Notice of cancellation mailed to the assured at his business address or at the premises or delivered to him at either place shall be sufficient notice and the check of the company similarly mailed or delivered a sufficient tender of any unearned premium."

■ The letter in which a request for the cancellation of the policy was made did not mention any date, but it is fair to assume that the intention was to have the policy canceled at once, or as soon as possible. Cancellation could be effected only when the policies reached an agent of the insurance company authorized to receive notice of cancellation. Joyce on Insurance (2d Ed.) page 2825. The bone of contention here is the extent of the authority of the local agent of defendant at Glocester, Miss. If the local agent was authorized to receive notice of cancellation, there can be no recovery, and if, on the other hand, it was necessary for the policy to reach Black Rogers & Co., Limited, in New Orleans, La., the liability of the defendant is not denied.

■ The fact that plaintiff received, retained, and used the check for unearned premiums is of no importance because, whether or not the policy had been canceled on the second of March or the third of March or, for that matter, two weeks later, the amount of unearned premium would have been the same under the short rate table.

Black Rogers & Co., Limited, the general agent of defendant, appointed J. L. Adams, doing business as the Adams Insurance Agency, a local agent of the defendant, by means of a written contract which is in evidence. The contract contains the following with reference to cancellation of policies by the local agent: "The agent shall immediately upon the expiration of thirty days, cancel such policies or bonds, where legally possible as have not been paid for, taking up the same and forwarding them to the General Agent with his next daily report; in advising the policyholder or bondholder of cancellation he shall state that such action is taken because of non-payment of premium, and shall simultaneously notify the General Agent to that effect."

However, Mr. Rogers of the Black Rogers Agency testified that both parties to the contract interpreted it as conferring authority upon Adams to cancel policies at the instance of the insured, and that Adams had, in fact, done so. Moreover, that it was the general practice of all insurance companies to permit cancellation by local agents. The policy, according to the records in his office, the witness said, was canceled on March 2, 1932.

Adams, the local agent, testified that he had exercised the authority to cancel policies at the request of the insured and had, in fact, canceled this policy the day it was received, March 2, 1932, and that he had also canceled other policies for the plaintiff in this case.

■ It seems to us that, independent of any express provision of the contract of agency, a local agent of an insurance company would have authority to receive notice of cancellation as a necessary implication. We believe the fact of agency would import such authority as would be incident to the proper and convenient conduct of the agency; consideration being had of the interest of the insurer and insured. But it is said that the Adams Insurance Agency in this instance acted as a broker, and therefore represented both parties, the assured as well as the insurer. This contention is based upon the fact that Adams represented other insurance companies, and in such situation the receipt of notice of cancellation by a broker cannot be considered as notice to the insurer so as to effect cancellation because a broker is not the agent of the insurer.

In support of this position we are referred to Morris McGraw Wooden Ware Co. v. German Fire Insurance Co., 126 La. 32, 52 So. 183, 38 L. R. A. (N. S.) 614, 20 Ann. Cas. 1229, and to Insurance Company of N. A. v. Detroit & Security Trust Co. (C. C. A.) 51 F.(2d) 155. The cases cited do not apply here, for the reason that while the Adams Insurance Agency represented several insurance companies it may be as broker only, it was the local agent of the Maryland Casualty Company, defendant herein, under express contractual authority. In its relations with Johnson it acted as the agent of the Maryland Casualty Company, and not as a broker.

In the McGraw Case, supra, where a somewhat similar situation obtained, it was held that: "An insurance agent, to whom a merchant makes a request for insurance, and who, acting as broker, procures all, or part, of such insurance through agents of other companies, not represented by him, may be the agent of the insured. Parrish v. Company, 140 Cal. 645, 74 P. 312. The mere fact that he receives 'a commission from a company which he does not represent for placing the insurance with it does not make him the agent of that company.' United Firemen's Insurance Co. v. Thomas, 92 F. 127, 34 C. C. A. 240, 47 L. R. A. 450; Seamans v. Knapp-Stout & Co., 89 Wis. 171, 61 N. W. 757, 27 L. R. A. 362, 46 Am. St. Rep. 825 (Syllabus by the court).

In that case, however, the insurance agent known as the "Rocquet Agency" represented

certain insurance companies as local agent and others as broker, and the question under consideration did not involve the companies represented by Rocquet & Co. as local agent, but those which the agent represented only in the sense that he obtained business for and divided the commissions with the local agents of the companies involved. The court then said: "It will be borne in mind that Rocquet & Co. were not the agents of the companies before specially named. They were represented by other local agents in the city of New Orleans, through whom the insurance was effected and with whom Rocquet & Co. divided commissions."

Our conclusion is that the Adams Insurance Agency had authority to accept notice of cancellation, and that, consequently, the policy was canceled when it reached Adams' office on March 2, 1932, and before the date of the burglary which occurred thereafter, and that, consequently, there can be no recovery here, since the policy was canceled when the loss occurred.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's suit at his cost.

Reversed.