COMMONWEALTH LIFE INS. CO. v. MILES, Ex'x.

No. 31209. Feb. 1, 1944.

*145 P. 2d 964.*

John T. Gibson and A. C. Saunders, both of Tulsa, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, and Royal & Royal, of Des Moines, Iowa, for defendant in error.

PER CURIAM. This is an action brought by Anna Miles, executrix of the estate of Roy H. Miles, deceased, hereinafter called insured, to recover on an insurance policy issued to insured, said policy being for the principal sum of $1,000 issued by the defendant, the Commonwealth Life Insurance Company. The cause was tried to the court without the intervention of a jury. Judgment was for the plaintiff for $1,-000, and the defendant appeals. The parties will be referred to by their trial court designation.

On the 25th day of October, 1940, insured, accompanied by plaintiff, entered a filling station in Clinton, Okla., at approximately 2 p. m. Insured was driving a 1940 Pontiac automobile, state license No. 77-46831. Insured paid for the gasoline placed in his automobile and thereupon was presented with an application for a 24-hour life insurance policy. The application is as follows:

"I hereby apply to the Commonwealth Life Insurance Company of Tulsa, Oklahoma, for insurance policy bearing even number, hour, date, and automobile license number written below.

Age of Applicant?__Occupation?__Sex?__
Name? R. H. Miles_____
        Signature of Applicant
Address 2901 2nd Ave._____
                Des Moines
                Iowa
Issued
Hour? 2 P. M.
        Mo.     Day     Year     No. 30934
        10      25      1940
Date
Auto License No.?_____"

The attendant who serviced the automobile immediately delivered the policy, the pertinent part of which is as follows:

"Commonwealth Life Insurance Company
Tulsa, Oklahoma
A Legal Reserve Company
Hour? 2 P. M.
        Mo.     Day     Year     No. 30934
        10      25      1940
Auto License No._____
Principal Sum $1,000.00.

#### Hereby Insures

the applicant for this insurance whose signature appears upon the stub of this policy in the possession of the Company, bearing even number, hour, date and automobile license number herewith (hereinafter called the insured) against loss resulting directly and independently of all other causes from bodily injuries sustained during the term of the policy and effected solely through external violent and accidental means while actually driving the automobile, the license number of which is stated above, herein called such accident), subject to the conditions and limitations herein contained.

"Part I.—If such injuries are sustained, and, independently of all other causes, result in death within 60 days from the date of accident, the Company will pay $1,000.00 (herein called the Principal Sum) to the executors, administrators or assigns of the Insured in the following manner: $200 upon receipt of said proof of such death and $50 on the first day of each month thereafter until 16 such monthly payments in all shall have been made and no more; or

"Part II.—If such injuries, within 60 days from the date of the accident shall result, directly and independently of all other causes in one of the losses enumerated below, the Company will pay, in the manner provided for the payment in event of death, the sum set opposite such loss. Only one of the amounts named below will be paid for injuries resulting from one accident and such payment shall be in lieu of all other indemnity under this policy.

"The insurance under this policy shall not cover, any person under the age of 18 years nor over the age of 70 years."

It will be seen that the age of the insured was omitted from the application as was the state automobile license number. The insured paid the regular posted price for the gasoline placed in the automobile and no other consideration was paid by him or anyone else in his behalf. He signed the application, received the policy and delivered the policy to the plaintiff, who placed the same in her purse.

On the 26th day of October, 1940, at approximately 10:30 a. m., insured sustained an accidental injury while driving the identical automobile in which the gasoline was placed and on which the policy was in fact issued, and died as a result of the injuries at Springfield, Mo., at approximately 2 p. m. on the same date.

The defendant presents four propositions: (1) The policy is void because the application did not include the age of the insured; (2) the policy is unenforceable because the application did not include the state license number of the Pontiac automobile; (3) there was no consideration for the contract of insurance; (4) there is no proof that the insured died as a result of an accidental injury within the 24 hours after the issuance of the policy.

We shall first discuss propositions 1 and 2. Defendant relies upon Dorman v. Connecticut Fire Ins. Co., 41 Okla. 509, 139 P. 262; Shawnee Mutual Fire Ins. Co. v. McClure, 39 Okla. 535, 135 P. 1150; Seamans v. Knapp, Stout & Co., 89 Wis. 171, 61 N. W. 757, 27 L.R.A. 362, together with other cases in which other courts as well as our own have discussed the necessity of the completion of certain applications and other blanks necessary to include the authorization of the issuance of a binding policy. These cases have been noticed. In the case at bar the defendant constituted the operator of the station its general agent for the issuance of a policy immediately. The filling station attendant took such information as was thought necessary and issued the policy. When the money was paid for the gasoline, this was all that was necessary to complete the contract under the facts and circumstances of the case. See Home Ins. Co. v. Mobley, 57 Okla. 692, 157 P. 324; Springfield Fire & Marine Ins. Co. v. Simmons, 184 Okla. 323, 87 P. 2d 941. It is not claimed that insured was not within the age limit set by the policy or that he was not driving the automobile in which the gasoline was placed.

It is next argued that there is no consideration for the contract. Plaintiff relies upon our statutes, 15 O. S. 1941 §

106, defining consideration, and 15 O. S. 1941 §§ 114 and 115, dealing with the presumption as to consideration arising by reason of a written instrument and the burden of proof thereof as to consideration. Defendant cites no authority to show that such a contract lacks consideration. We hold that when the insured paid for the gasoline and received the gasoline and the contract of insurance as a part of the purchase· price, the contract was supported by an unidentified portion of the purchase price paid for the gasoline, and this is true whether there is any additional price other than the posted price paid for the gasoline.

We dispose of the final question, to wit, that there was no proof of the death of the insured within the terms of the policy, as without merit. Proof of loss was made and the payment was refused because the application was not sufficiently filled out. Plaintiff, who was riding with insured at the time of the accident, testified that he died as a result of the accidental injury sustained at 10:30 a. m. on October 26, 1940. There is other proof of the death. There is no serious contest made that death did not result from the accident nor is there any other cause of the death suggested.

The judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.