## COMMONWEALTH *vs.* JAMES W. CROWLEY.

Suffolk. Nov. 21, 1887. — Jan. 3, 1888. DEVENS & W. ALLEN, JJ., absent.

A person who keeps open a shop on the Lord's day for the purpose of selling therein bread and pastry, not made by him, but bought for the purpose of resale, is not a "baker," within the meaning of that word in the St. of 1886, *c.* 82, although he has a small stove in his shop in which his wife sometimes bakes a few cookies or ginger-snaps, which he sells; and he may be convicted, under the Pub. Sts. *c.* 98, § 2, of keeping open his shop for the purpose of doing business therein.

COMPLAINT on the Pub. Sts. *c.* 98, § 2, alleging that the defendant, at Boston, on March 13, 1887, that day being the Lord's day, kept open his shop "for the purpose of doing business therein, the same not being then and there works of necessity or charity."

Trial in the Superior Court, before *Dewey,* J., who allowed a bill of exceptions, in substance as follows:

The defendant testified that on Sunday, March 13, 1887, between the hours of eight and nine o'clock in the forenoon, he kept open a shop, situated on Cambridge Street in Boston, and of which he was the proprietor, for the purpose of selling therein,

on said day, bread, pastry, and milk; that he also had in said shop certain groceries and fancy articles which he sold on other days, but not on Sunday, and that he did not keep his shop open for the purpose of selling these last-mentioned articles on said Sunday; that he did not make, or cause to be made, the bread and pastry which he was thus selling and intending to sell, but bought the same from time to time of other persons, for the purpose of reselling, as· he did also the milk sold by him; and that milk was usually sold by bakers of Boston to their customers.

The defendant further testified that he had a small stove in the rear part of his shop in which his wife sometimes baked a few cookies or ginger-snaps, which he placed in his show-cases and sold with the bread and pastry.

The government offered no evidence tending to control the defendant's testimony.

The defendant requested the judge to submit to the jury the question, whether, upon the foregoing testimony, the defendant was a "baker," within the St. of 1886, *c*. 82, but the judge declined so to do, and instructed the jury that, if they believed the testimony of the defendant to be true, they might return a verdict of guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. B. Loud*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

KNOWLTON, J.   Section 2 of the Pub. Sts. *c*. 98, which forbids keeping open one's shop on the Lord's day, or doing "any manner of labor, business, or work, except works of necessity and charity," was amended by the St. of 1886, *c*. 82, which provides that "this section shall not apply to sales by bakers, between the hours of six and ten o'clock in the forenoon and four and half-past six o'clock in the afternoon, of bread and other articles of food usually dealt in by them."

The refusal of the judge to rule as requested, taken in connection with his instruction to the jury, that, "if they believed the testimony of the defendant to be true, they might return a verdict of guilty," we understand to have been merely a refusal to leave the jury uninstructed as to the meaning of the word "baker" as used in the statute, and not an interference with

their right to pass upon all the questions at issue between the parties.

In this view, the only question in the case is whether, upon the defendant's own testimony, he was a baker, within the meaning of the amendment. There is nothing to indicate that this word is used in any other than its ordinary signification. A baker is one whose occupation is to bake bread and other articles of food. The statute which we are considering may be presumed to have been founded upon the desirability and propriety of permitting freshly cooked food to be obtained on the Lord's day, as well from the shop of the manufacturer as from the kitchen of the householder. That the interval may be short between the preparation of the food and the appearance of it on the table of the consumer, the baker is permitted to do his work, and deliver his viands, on the Lord's day. But this reason does not apply to sales of provisions which do not require preparation by the dealer for the immediate use of the purchaser. We cannot believe that the Legislature intended to include in the exception of the amendment all persons who deal in the products of bakeries. Such a construction of the statute would allow a large proportion of the grocers and provision dealers of the Commonwealth to open their shops every Lord's day.

The defendant was not a baker in any sense. He kept a shop for the purpose of selling groceries, fancy articles, bread, pastry, and milk. He did not make or cause to be made the bread and pastry which he sold, but bought it from time to time from other persons. The fact that he had a small stove in the rear part of his shop, in which his wife sometimes baked a few cookies and ginger-snaps, which he placed in his show-cases and sold with the bread and pastry, was not of such importance as to characterize his business, or warrant the jury in finding that he was a baker. *Exceptions overruled.*