COMMONWEALTH *vs.* PHILIP MARZYNSKI.

Suffolk.    April 3, 1889. — May 4, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & KNOWLTON, JJ.

*Lord's Day — Keeping open Shop — Sale of Cigars and Tobacco — " Drugs and Medicines " — Evidence — Res inter Alios — Jury.*

A sale of cigars by a tobacconist in his shop in the usual way and for ordinary use on the Lord's Day is not a "sale of drugs and medicines," within the meaning of those words in the St. of 1887, c. 391, § 2, incorporating certain exceptions into the Pub. Sts. c. 98, § 2, which prohibit the keeping open shop on that day for the purpose of doing business.

At the trial of a complaint for keeping open shop on the Lord's day for that purpose, where there was evidence of such a sale of cigars, evidence of an expert and of a medical book as to whether cigars were drugs or medicines, as well as the record of the acquittal of another person for a like sale on that day, were *held* to be rightly excluded.

Under the Pub. Sts. c. 214, § 17, a jury in a criminal case have no rightful power to determine questions of law involved in the issue against the instructions of the court.

COMPLAINT on the Pub. Sts. c. 98, § 2, alleging that the defendant, at Boston, on July 22, 1888, that day being the Lord's day, " did keep open his shop there situate, and numbered one hundred and four in Eliot Street, for the purpose of doing business therein ; the same not being then and there works of necessity or charity."

At the trial in the Superior Court, before *Dewey*, J., the government called several witnesses, showing that the defendant was a tobacconist ; that his shop was at the corner of Eliot Street and Tremont Street, in Boston ; and that he kept his shop open, and made a sale of cigars and tobacco, between the hours of eleven o'clock in the forenoon and four o'clock in the afternoon of Sunday, July 22, 1888, that day being the Lord's day. The defendant contended that he had a right to keep his shop open on the Lord's day for the purpose of selling tobacco and cigars, and called Dr. F. A. Harris, and, after qualifying him as an expert, asked him numerous questions as to whether or not tobacco and cigars, or either of them, were drugs or medicines ; and as to whether they had any medicinal effect upon the

human system; or whether, if used for pleasurable purposes, that fact deprived them of medicinal effect; or whether the fact that a drug is thus used for a pleasurable purpose makes it less a drug. The judge excluded all of these questions; and the defendant excepted.

The defendant offered in evidence the United States Dispensatory, for the purpose of showing the medicinal effects of tobacco as therein described; but the judge excluded the evidence, and the defendant excepted.

The defendant then called one Benatuille, and, after qualifying him as an expert in the manufacture of cigars, proved by him that a cigar is made of leaf tobacco.

The defendant then offered in evidence the record of the case of *Commonwealth* v. *Burwell*, tried in the Superior Court in Suffolk County in November, 1887, in which Burwell was charged with the sale of a cigar on Sunday, in October, 1887, and also called him to show that he sold the cigar on that day, and was discharged by reason of the proof that cigars and tobacco were drugs or medicines. The judge excluded the evidence, and the defendant excepted.

No claim was made by the defendant at the trial that he kept or had the right to keep his shop open on the Lord's day for any other purpose than that of selling tobacco and cigars.

The defendant then asked for the following rulings:

"1. If the wording of the statute, under which the defendant is sought to be convicted, is so doubtful that your minds are left in a state of uncertainty whether or not the commission of the acts charged against the defendant is or is not a crime, it will be your duty to acquit.

"2. It is for you to decide both the law and the fact, and if your minds are left in doubt either in regard to the meaning of the statute, or whether or not the matters charged against the defendant have been committed by him or not, it will be your duty to acquit.

"3. It is your duty to decide both the law and the facts, and if the offence with which the defendant is charged is not clearly embraced in the statute under which he is sought to be convicted, it will be your duty to acquit.

"4. In deciding the law as to whether or not this statute

intended to make the sale of tobacco and cigars on Sunday a criminal offence, you have no right to extend the meaning of the statute to a case which is not clearly within the meaning of the statute.

" 5. If, from the evidence, you are satisfied that cigars and tobacco are drugs and medicines, it will be your duty to acquit the defendant.

" 6. If, from the evidence, your minds are left in reasonable doubt whether or not cigars are drugs or medicines, it will be your duty to acquit.

" 7. If the government has not satisfied you beyond a reasonable doubt that cigars and tobacco are not drugs or medicines, it will be your duty to acquit.

" 8. The burden of proof is upon the government throughout the trial, and unless the government has satisfied you beyond ε reasonable doubt that cigars and tobacco are not drugs or medicines, it will be your duty to acquit."

The judge refused so to rule, and the defendant excepted.

The judge instructed the jury in regard to their duties undei the Pub. Sts. c. 214, § 17, and said he would first give them some instruction as to the duties of jurors and of the court without reference to that section ; and read to them an extract from the opinion of Mr. Justice Story, in the case of *United States* v. *Battiste,* 2 Sumner, 240, beginning with the words, (on page 243,) " The learned counsel for the prisoner " contends " that, in criminal cases, and especially in capital cases, the jury are the judges of the law," and ending with the words, (on page 244,) " or choose from wantonness, or ignorance, or accidental mistake to interpret it." The judge also referred to the case of *Commonwealth* v. *Anthes,* 5 Gray, 185, and told the jury, in substance, that both in that case and in later cases it had been decided in effect that § 17 did not change the law as it had previously existed upon this point; and that the jury had, under that section, or otherwise, no rightful power to determine questions of law involved in the issue, contrary to the instructions of the court.

The judge then instructed the jury, that, if they were satisfied beyond a reasonable doubt that the defendant kept his shop open to sell cigars between the hours of eleven and four on the day named in the complaint, the same being the Lord's

day, it was their duty to find him guilty. To this ruling the defendant objected.

The defendant then asked the judge to give the following ruling: " The Legislature has authorized the jury to try according to established forms and principles of law all criminal cases, and it is for you to decide what the Legislature meant when they authorized you, after you are instructed, in your discretion, to decide both upon the law and the fact in the issue at bar." This the judge declined to do, and the defendant duly excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. B. Goodsell,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. The defendant was prosecuted for having kept his shop open on the Lord's day for the purpose of doing business therein. The evidence showed that he was a tobacconist, and that he kept his shop open and made a sale of tobacco and cigars on the day named in the complaint. We understand this sale to have included tobacco and cigars in a single transaction. The defendant did not contend, at the trial, that he kept, or had a right to keep, his shop open on the Lord's day for any other purpose than that of selling tobacco and cigars. The jury were instructed, in substance, that keeping one's shop open to sell cigars on the Lord's day would subject him to conviction of the offence named in this complaint; and the principal question in the case is whether that instruction was correct. Under the instruction, the jury must have found that the defendant's purpose was to sell cigars, and in this aspect of the case the evidence offered in regard to tobacco was immaterial.

The act complained of was keeping open the shop, not making the sale, and the question arises under the St. of 1887, c. 391, § 2, which amends the Pub. Sts. c. 98, § 2, by adding a provision that nothing in this last section shall be held to prohibit certain named acts and kinds of business, among which is " the retail sale of drugs and medicines." If, upon the facts of this case, keeping the defendant's shop open to sell cigars was merely keeping it open to sell drugs and medicines, the instruction was erroneous; but if, as matter of law, it was keeping it open for a

purpose other than that of selling drugs and medicines, the instruction was correct.

Ordinarily, whether a substance or article comes within a given description, is a question of fact; but some facts are so obvious and familiar that the law takes notice of them and receives them into its own domain. If the proof had been that the shop was kept open for the purpose of selling guns or pistols, it would hardly be contended that the judge might not properly have ruled that the sale of these articles was not a sale of drugs or medicines. The court has judicial knowledge of the meaning of common words, and may well rule that guns and pistols are not drugs or medicines, and may exclude the opinions of witnesses who offer to testify that they are. *Commonwealth* v. *Peckham,* 2 Gray, 514. *Commonwealth* v. *Crowley,* 145 Mass. 430.

Cigars are manufactured articles familiar to everybody. The materials of which they are composed are carefully prepared and put into form, until they lose their original character as mere materials, and become articles of commerce, known by a new name and adapted to a particular use. We are of opinion that cigars sold by a tobacconist in the ordinary way are not drugs or medicines within the meaning of those words as used in the statute.

Many things which are not in themselves medicines may be put to a medicinal use, and when so used, they may become medicines. But there was no evidence in the present case that the cigars which the defendant sold were used, or were intended to be used, as a medicine, or that the defendant kept his shop open for the purpose of furnishing cigars to be used medicinally. The instruction must therefore be construed in its application to evidence of an ordinary sale of cigars, and, so applied, we are of opinion that it was correct.

In their application to the evidence of such a sale all the questions to the witness Harris were immaterial and incompetent.

The record in the case of *Commonwealth* v. *Burwell* was not between the parties now contending, and was rightly excluded.

The court rightly ruled that the United States Dispensatory could not be put in evidence. *Commonwealth* v. *Brown,* 121 Mass. 69.

The instructions to the jury, in regard to their duty to follow the charge of the judge in matters of law, were in accordance with the rule laid down in *Commonwealth* v. *Anthes*, 5 Gray, 185, which has ever since been the settled law of this Commonwealth.

We find no error in any other of the rulings or refusals to rule set out in the bill of exceptions.

*Exceptions overruled.*