COMMONWEALTH *vs.* LESLIE E. DE VOE.

Middlesex.    April 3, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Complaint — Record of District Court — Doing Business on the Lord's Day — Negotiating Sale of Land.*

It is no objection to a complaint in a criminal case, that it was addressed to A., associate justice of a district court, "sitting in the absence of the justice," and that the jurat was signed by A. as such associate justice, "sitting in the absence of the justice," if the attestation by A. of the record of the district court, sent up on appeal, recites that he was "sitting at the request of the standing justice" of the court. Nor is it necessary that the complaint should be under the seal of the court.

A complaint on the Pub. Sts. c. 98, § 2, for unlawfully doing business on the Lord's day, need not negative the exceptions contained in the St. of 1887, c. 391, § 2.

A complaint on the Pub. Sts. c. 98, § 2, alleging that the defendant, at a place and on a day named, "that being the Lord's day, did then and there do certain business. to wit, the negotiating for the sale of certain land," is sufficient, without describing the situation of the land.

A person, who induces others to visit on the Lord's day a tract of land which he has for sale, and there shows them a plan of it, and talks with them about its value, price. size, and location, may be convicted of doing business in violation of the Pub. Sts. c. 98, § 2.

COMPLAINT on the Pub. Sts. c. 98, § 2, in two counts, addressed, "To Charles Thompson, Esquire, Associate Justice of the District Court of Central Middlesex, sitting in the absence of the Justice."

The first count alleged that the defendant, on July 10, 1892, at Lexington, "that being the Lord's day, did then and there do certain business, to wit, the negotiating for the sale of certain land, said business not being then and there a work of necessity or charity."

The second count alleged that the defendant, at the same time and place, "was wilfully and unlawfully present at a certain public diversion and entertainment then and there maintained, said diversion and entertainment not being then and there licensed by the persons or board authorized to grant licenses in such cases."

The jurat was signed as follows: " Chas. Thompson, Associate Justice of said Court, sitting in the absence of the Justice."

In the Superior Court, on appeal, the copy of the record of the district court showed that the defendant was convicted on the first count, and acquitted on the second count of the complaint. The record was attested as follows : " Chas. Thompson, Special Justice of said court, sitting at the request of the Standing Justice thereof."

The defendant filed a motion to quash the complaint for the following reasons :

" 1. Because the complaint is defective and bad in its caption and jurat, which are erroneous, and do not contain an averment of the name of the justice of said court, or that the sitting justice presided and sat at the request of said justice in his absence.  2. Because said first count does not allege that said business was unlawful, and does not describe the kind of business, or that it is not a business connected with or a part of the exceptions contained in the St. of 1887, c. 391.  3. Because said first count does not sufficiently describe the business, or where the land was, or what the so called negotiating was.  4. Because said first count is generally insufficient and bad.  5. Because said second count contains no affirmative allegation and averment of the existence of any diversion or entertainment, and no description of the diversion and entertainment, or a reason why the same is not more particularly described and set out.  6. Because it does not appear that said entertainment and diversion was not a concert of sacred music.  7. Because there is no sufficient, or any allegation whatever, that such diversion and entertainment was not duly and legally licensed.  8. Because said complaint does not bear the seal of any court or authority whatever."

*Richardson,* J. overruled the motion ; and the defendant excepted.

At the trial, the evidence tended to show that the defendant, on Sunday, July 10, 1892, went from Boston to Lexington, where there was a large tract of land, which he, as agent of the owners, had for sale, in lots ; that tickets for rides on the railroad were distributed on that day by the defendant to those who wished to go to Lexington to see the lots ; and that there were about seventy-five people on the grounds at Lexington on the day in question, walking about and upon the lots.

The government introduced evidence tending to show that the defendant had a conversation with one of the witnesses relating to the value, price, size, and location of certain lots; that the defendant exhibited a plan or map of the lots; and that four lots were seen by the witness, and the prices named by the defendant, who told the witness where he could transact the sale, namely, at his office in Boston.

There was no other evidence of any sale or other transactions relating to the sale of land on the day in question, except that the defendant was seen talking with other persons on the land.

The defendant requested the judge to instruct the jury as follows:

" 1. The negotiating for the sale of certain land, the sale to take place on some other day than the day alleged, to wit, the Lord's day, is not a violation of the statute. 2. Evidence of conversations in which the parties discussed the sale of certain land and postponing such sale until the Lord's day was past, is not performing labor, business, or work, in violation of the statute. 3. Showing or displaying property, real or personal, on the Lord's day, is not in violation of the statute. 4. It is not sufficient to support an allegation of doing business in violation of the statute to prove that the defendant showed and talked about land which he had for sale, but which he refused to sell on the day in question, it being the Lord's day. 5. Proof of conversations on the Lord's day about a proposed sale of land at some future time does not support the allegation that the defendant did then and there (to wit, on the Lord's day) do certain business, to wit, the negotiating of the sale of certain lands."

The judge refused to give the instructions requested, and, among other things, instructed the jury as follows: " If the defendant on said Sunday did this negotiating, talking, offering, making terms, showing the property, inducing people to come there, inducing them to buy, and doing those things which you well understand (but all which it might be difficult to state precisely and exactly) to be negotiating a sale, then you could find him guilty. If not, you should acquit him."

Upon the subject matter of the fifth request the judge instructed the jury as follows: " Well, that depends upon what the conversation was. If it was a casual statement, as I have said

before, about the piece of land, its situation, or its price, and that was a mere incident to something else, as a walk or visit there, that is one thing, and possibly, probably, an innocent thing ; but if he was out there on this land as a matter of business, showing this land to people who were prospecting, going out for the purpose of meeting them and seeing if they would buy, talking with them about the terms, and the price, and the size of the lots, etc., and had a plan and showed that, — I do not say that he did any of these things, — but if he did these things as a business, then it is within your power to convict him of the offence of negotiating for the sale of land on the Lord's day, as charged in this complaint."

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*B. Hall & R. W. Goding*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

MORTON, J. It was not necessary that the caption or jurat should state the reason for the sitting of the special justice, or that the complaint should bear the seal of the court. The reason was set out in the record, and that was sufficient. *Commonwealth* v. *Fitzgerald*, 14 Gray, 14. *Commonwealth* v. *McCarty,* 14 Gray, 18. *Commonwealth* v. *Fay*, 151 Mass. 380. *Commonwealth* v. *Carney*, 153 Mass. 444. The statute requires that the complainant shall be examined on oath, and that the complaint shall be reduced to writing by the magistrate receiving the same, but does not require that it shall be under seal. Pub. Sts. c. 212, § 15.

It was not necessary to negative, in either count in the complaint, the exceptions contained in the statute. *Commonwealth* v. *Shannihan*, 145 Mass. 99.

The offence in the first count was sufficiently set out by describing it as the negotiating for the sale of certain land. *Commonwealth* v. *Wright*, 12 Allen, 187. *Commonwealth* v. *Shannihan*, 145 Mass. 99. *Commonwealth* v. *Crowley*, 145 Mass. 430. *Commonwealth* v. *Marzynski*, 149 Mass. 68. It was unnecessary to describe the situation of the land. The gist of the offence was the business done in negotiating for the sale of the land, wherever situated.

The fifth, sixth and seventh objections to the sufficiency of the complaint relate to the second count, on which the defendant was acquitted in the district court, and are therefore now immaterial.

The instructions requested were properly refused. While they might have been correct if the testimony had tended to show that only the things to which they related had been done, and that those had been done as assumed in the instructions requested, they were inadequate taking the case as a whole, and the testimony as it actually stood, and would have tended to mislead the jury if given as requested. The instructions actually given were correct. *Commonwealth* v. *Dextra*, 143 Mass. 28.

*Exceptions overruled.*