## COMMONWEALTH *vs.* ISAAC H. GOLDSMITH.

Suffolk.   March 12, 1900. — May 16, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Sale of Tobacco on the Lord's Day — Evidence.*

While a sale made in good faith upon an application for tobacco to be used as a medicine may be within the following language of St. 1895, c. 434, § 2, relating to the observance of the Lord's day, "but nothing in this statute shall be held to prohibit . . . the retail sale of drugs and medicines," yet, there being no offer to show such a sale, evidence that the defendant sold the articles as drugs is rightly excluded.

COMPLAINT, under § 2 of St. 1895, c. 434, relating to the observance of the Lord's day. At the trial in the Superior Court, before *Sheldon*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*E. H. Pierce*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth, submitted the case on a brief.

KNOWLTON, J. This is a complaint against the defendant under St. 1895, c. 434, § 2, for doing business, namely, selling two cigars and an ounce of tobacco, on the Lord's day. The witness for the Commonwealth testified as follows: " I went in and told him I wanted two good cigars and a five-cent piece of tobacco, and that I should use them as evidence against him if I got a warrant; and he gave me the cigars and piece of tobacco." The witness paid twenty-five cents for them. The defendant offered to show that when the witness asked for the

cigars and tobacco the defendant said, " I will sell them to you as drugs," and that the witness, after he got them, said, " I propose to use them as evidence," and that the defendant then said, " I cannot help what you want them for, I sold them to you as drugs," and he offered to show by experts that tobacco and cigars are drugs. The defendant carried on a drug business and had a drug department in the store.

There is no doubt that selling cigars and tobacco is doing business within the prohibition of the statute, unless it is protected by the words, " but nothing in this statute shall be held to prohibit . . . the retail sale of drugs and medicines." In *Commonwealth* v. *Marzynski*, 149 Mass. 68, 72, it was held that cigars are not drugs within the meaning of this provision of the statute. Like many other things they may be medicinal; like many other things which are articles of commerce and are prepared for other than medicinal use, they contain an ingredient or element that in a broad sense may be called a drug; but as ordinarily prepared and sold they are not themselves drugs. It may be that with or without a prescription from a physician one may lawfully purchase tobacco or cigars as medicine at a drug store on the Lord's day. A sale made in good faith upon an application for tobacco to be used as a medicine may be within the above quoted language of the statute. In the present case there was no offer to show such a sale, but only that the defendant sold the articles as drugs. The evidence offered and excluded had no tendency to show that the sale was within the protection of the statute.

*Exceptions overruled.*