AINSWORTH, Respondent, vs. WILLIAMS, Appellant.

*May 21 — June 20, 1901.*

*Contracts: Lease made on Sunday: Recovery for use and occupation: Evidence.*

A lease of land made on Sunday is void, and in the absence of a subsequent reaffirmance thereof a recovery of rent at the rate stipulated cannot be had from the lessee, without proof that that was the reasonable value of the use and occupation.

Ainsworth vs. Williams.

· APPEAL from a judgment of the circuit court for Green Lake county: GEO. W. BURNELL, Circuit Judge.  *Reversed.*

A,ction on a lease of a certain fifty-five acres of land for the season of 1899, at an agreed rental of five dollars per acre.· Plaintiff's testimony tended to prove that one Minna Eichstaedt was the owner of a life estate, and her daughter, Herminnie Eichstaedt, the owner of the remainder, in the land in question; that, defendant having gone upon said land in the spring of 1899, a conversation took place in July, in which it was agreed that he should pay five dollars per acre for the land.   The only such conversation was on a Sunday.   On defendant's part it was claimed that the daughter, Herminnie, under authority from her mother, both actual and inferable from a custom of dealing for several years, leased said premises to him by written lease dated April 15, 1899, for five years, at an annual rental of four dollars per acre, in semi-annual instalments, only one of which had become due, and which, before the commencement of the suit, had been paid to the ·said Herminnie. Minna Eichstaedt denied any agency in Herminnie or any authority to her.   Minna assigned the claim for rent to the plaintiff.

The issues being submitted to the jury, they brought in a verdict of $275, one year's rent at $5 per acre, in favor of the plaintiff.   No motion to direct a verdict was made by the defendant, but after verdict a motion for a new trial, on the ground, among others, that it appeared by undisputed evidence that the transaction in July between Minna Eichstaedt and the defendant took place on Sunday and was therefore void.   The motion was overruled, and judgment rendered for the plaintiff, from which defendant appeals.

For the appellant there was a brief by  *W. E. Cavanaugh,* attorney, and  *Gabe Bouck,* of counsel, and oral argument by *Mr. Cavanaugh.*

For the respondent the cause was submitted on the brief of *S. A. Corning.*

The State ex rel. Nelson vs. Mott.

DODGE, J. The only possible foundation for the verdict in this case is the testimony of Minna Eichstaedt that her daughter had no authority to make a lease of her land, and that she herself made none, except at a certain conversation at the farm in July, after defendant had been in occupation since April, relying on his written lease from the daughter. It was conclusively established that such conversation took place on Sunday. Any contract then made is, of course, void, and cannot support a recovery. *Hill v. Sherwood*, 3 Wis. 343; *Vinz v. Beatty*, 61 Wis. 645; *Cohn v. Heimbauch*, 86 Wis. 176, 180; *Williams v. Lane*, 87 Wis. 152, 158. Without that contract there is nothing to support the claim or recovery of five dollars per acre rental, since there is no evidence as to the reasonable value of the use and occupation. *Thomas v. Hatch*, 53 Wis. 296. There is here none of the circumstances of subsequent reaffirmance of the Sunday-made contract, which in some cases have been held sufficient to justify recovery notwithstanding the invalidity of the original. *Melchoir v. McCarty*, 31 Wis. 252; *Troewert v. Decker*, 51 Wis. 46; *Williams v. Lane, supra*. The verdict was without support in the evidence, and should have been set aside on the motion made by appellant.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.