Brown and another, Appellants, vs. Gates, Respondent. Same, Respondents, vs. Same, Appellant.

*October 27, 1903—February 2, 1904.*

*Bills and notes: Place of contract: Presumptions: Executory contracts made on Sunday.*

1. G. living in Wisconsin and B. living in Massachusetts, met by agreement in New York city relative to a sale of B.'s lands situated in Florida. At that time and place G., B. and the purchaser had negotiations relative to the sale of the lands on Saturday which were consummated on the following Monday. On the intervening Sunday there was made, executed and delivered to B. the promissory notes of G., made payable in Massachusetts. *Held,* that the place of the contract was the state of Massachusetts, and its laws, making void all executory contracts for the payment of money, including promissory notes, made and delivered on Sunday, governed.

2. Where the place of performance of a contract is expressed, the presumption is that the parties contracted with reference to the law of that place.

·3. Where a contract is made in one state or country, to be performed in another state or country, it is to be regulated by the laws of the place of performance, without regard to the place at which it was written, signed, or dated, in respect to its nature, validity, interpretation and effect, unless it clearly appears that the parties intended the contract should be governed by the law of the place where it was made.

APPEALS from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed on defendant's appeal.*

This action is brought by plaintiffs as co-partners to recover on two notes made by defendant, each of $5,000, with interest, dated January 12, 1895, payable to plaintiffs, or order, on or before eighteen months after date at their office in Boston, Massachusetts. The defendant admits the making of the notes, and that there was a manual tradition of the same. He avers, however, that the notes were in fact made, executed, and delivered on Sunday, January 13, 1895, under a parol agreement whereby it was understood that the notes were to have no validity until he realized in cash on his interest in the lands which were the subject-matter of the transactions through which the notes came into existence. The action was tried before a jury, which rendered a special verdict on the disputed facts in the case. The undisputed facts in the case are that plaintiffs at the date of the notes were the owners of a large tract of Florida land, for which defendant procured one John Paul as prospective purchaser before these notes were made. On January 10, 1895; plaintiff *Brown* and defendant met, pursuant to an arrangement, at a hotel in the city of New York, with the view of consummating a sale of these lands to John Paul, who met with them on the following day. The negotiations resulted in an agreement that Paul should purchase the lands. This agreement was reached ·on Saturday, January 12th, and consummated on the fol-

lowing Monday. It is averred that it was a condition of this transfer to Mr. Paul that the defendant should retain a one sixth interest in the lands. It is not disputed but that *Brown* and defendant, made some arrangements pertaining to this transaction, resulting in the notes in question being made on Sunday, January 13th. Among other facts the jury found that the notes were delivered to *Brown* for plaintiffs in the city of New York on this Sunday. Upon the verdict, judgment was rendered in plaintiffs' favor for the full amount, with costs, with some condition as to its enforcement. From this judgment both parties appeal.

For the plaintiffs there were briefs by *Sylvester, Scheiber & Orth,* and oral argument by *Fred Scheiber* and *C. A. Orth.*

*Rublee A. Cole,* for the defendant.

The following opinion was filed November 17, 1903:

SIEBECKER, J. The defendant avers that the notes sued on by plaintiffs were executed and delivered on Sunday, and are therefore void in law. As stated, there is no dispute but that the notes were signed by defendant on Sunday, January 13, 1895. The jury found they were delivered to plaintiffs on the same day. For this reason defendant contends they are void in plaintiffs' hands. Courts have refused to maintain actions on contracts when made in violation of statutes for the observance of Sunday, and have declared them void as between the parties. *Hill v. Sherwood,* 3 Wis. 343; *Troewert v. Decker,* 51 Wis. 46, 8 N. W. 26; *Ainsworth v. Williams,* 111 Wis. 17, 86 N. W. 551; *Cranson v. Goss,* 107 Mass. 439. The question, then, arises, Were these notes made in violation of the law which prohibits the making of such contracts on Sunday? This presents an inquiry as to the place of contract of these notes. It is the general rule at common law that personal contracts are to be deemed contracts of the state or country where they are actually made.

A well-established exception occurs, however, when a contract declares specifically, or it appears by implication, that it is to be performed or paid in another state or country. Then its validity, nature, obligation, and effect is to be governed by the law of the place of payment or performance. The grounds of this exception are that the presumed intention of the parties is that it shall be deemed to be a contract of the place of payment or performance, unless such presumption is rebutted by the facts and circumstances surrounding the making and the performance or payment. Under such circumstances the fact that notes are made payable at the place of the domicile of the payee is held to be very persuasive evidence of the intention of the parties that it was to be a contract of the place of payment. The intention thus expressed has been commonly held so conclusive in its effect that it must prevail unless it is made to appear that it would invalidate the contract, and that the parties intended to avoid such a result. Of the many authorities in support of these principles, the following may be cited: *Bartlett v. Collins,* 109 Wis. 477, 85 N. W. 703; *Shores L. Co. v. Stitt,* 102 Wis. 450, 78 N. W. 562; *Hill v. Spear,* 50 N. H. 253; *Sondheim v. Gilbert,* 117 Ind. 71, 18 N. E. 687; *Dickinson v. Edwards,* 77 N. Y. 573, 33 Am. Rep. 671; Story, Conflict of Laws, §§ 278a, 280; 1 Daniel, Neg. Inst. § 865; Wood's Byles, Bills & Notes, 570. This conclusion in no way militates against the decision of this court in *Newman v. Kershaw,* 10 Wis. 333. In that case it was held that the place of payment as evidence of the intention of the parties that the law of that place is to govern was overcome by the actual facts and circumstances of the case. An examination of the case will show a marked difference in the facts of the two cases. In the instant case we have an incidental meeting of the maker and payee of the notes in the city of New York, one of whom is domiciled in Massachusetts and the other in Wisconsin; the subject-matter of the contract out of which

these notes arose being a sale and transfer of real estate situated in the state of Florida. No money was received or paid by either at the time the notes were executed. All further acts or dealings required by the contracts were to be performed in the state of Massachusetts. From these facts the conclusion must follow that the place of the contract is the state of Massachusetts, and its laws govern. By the law of Massachusetts all executory contracts for the payment of money, including bonds and promissory notes, made and delivered on Sunday, are void as between the parties. Supp. Pub. St. Mass. 1889–1895; *Cranson v. Goss,* 107 Mass. 439, and cases cited; *Comm. v. De Voe,* 159 Mass. 101, 34 N. E. 85. Defendant's contention concerning the jurisdiction of the court under the legislation embodied in chs. 1 and 446, Laws of 1903, need not be considered for the reason that, if this legislation be invalid as claimed, the case must be held as pending in the superior court, and, on the other hand, if valid, the provisions of these acts cover this case, and the court properly proceeded to a final determination of the cause. From the foregoing it follows that the judgment must be reversed, and the action be dismissed. No necessity, therefore, arises for considering any of the other questions argued on the appeal of either the plaintiffs or defendant.

*By the Court.*—Judgment of the superior court is reversed on defendant's appeal, and the cause is remanded, with directions to enter judgment dismissing the complaint. Plaintiffs to take nothing on their appeal.

Plaintiffs moved for a rehearing.

The following opinion was filed February 2, 1904:

SIEBECKER, J. A rehearing is asked in this case upon the grounds: (1) That the court mistook what are the undisputed facts of the case; and (2) that the decision is con-

trary to the established rule of law as recognized in the case
of *Seamans v. Knapp-Stout & Co. Co.* reported in 89 Wis.
171, 61 N. W. 757.

It is insisted that the statements in the opinion referring
to the time and place of meeting as incidental to the main
objects of the transaction, and that "all further acts or deal-
ings [after delivery] required by the contracts were to be
performed in the state of Massachusetts," are erroneous. It
is claimed that these assertions are refuted by the facts, in
that such meeting was pursuant to an arrangement between
the parties, and that the negotiations covering the transac-
tion were in fact consummated on Monday succeeding the
Sunday when the notes were executed and delivered. This
contention is based on a misconception of the main purposes
and objects of the parties. It is obvious that the place of
meeting was a mere incident to the transaction, and was at
a place which incidentally happened to be convenient to all.
If circumstances had favored another place and state for
such meeting, no doubt such place would have been selected.
The claim that the court erroneously assumed that "all fur-
ther acts or dealings required by the contracts were to be
performed in the state of Massachusetts" misinterprets the
terms of the decision, by applying this assumption to the
transactions of the sale and conveyance of the lands, instead
of restricting it to the notes, the only contracts involved in
this suit. Under the facts, there is no room for question on
this subject. The undisputed facts and the finding of the
jury show that the notes were made, executed, and delivered
on Sunday; that plaintiffs had possession of them from that
day; and that the only necessary step for full performance
of the contracts evidenced by these notes, and expressed on
their face, was payment at the time and place specified,
namely, the plaintiffs' office, in the city of Boston, Massa-
chusetts.

It is strenuously insisted that the decision is in conflict with the law as announced in *Seamans v. Knapp-Stout & Co. Co. supra,* and contrary to the weight of adjudications. After a re-examination of the *Seamans* as well as the present case, we are reassured in the opinion that the ruling is in accord with the cases brought to our attention, and must stand as established by these and other cases. The *Seamans Case* presented a dispute between an insurance company of this state and the assured residing here, concerning insurance contracts negotiated by foreign agents to insure property without this state. The question litigated was whether the contracts were in fact made within this state or not. It was determined before the trial court that the contracts were made and delivered in this state, where the parties resided, and where the contracts were to be performed and sought to be enforced. The question of the validity of a contract made in one state or country, to be performed in another, did not arise, and consequently was not decided. It is, however, claimed that the court, in its opinion, adopted the rule expressed in the excerpt from the opinion in the case of *Scudder v. Union Nat. Bank,* 91 U. S. 406, when it declared:

"Much of the seeming conflict in the adjudications upon the subject of *lex loci contractus* will disappear by carefully discriminating as to the precise nature of the issues and matter under consideration. Thus it has been held by the supreme court of the United States that matters bearing upon the execution, interpretation, and validity of a contract are determined by the law of the place where it is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy depend upon the law of the place where the suit is brought."

Much stress is laid in argument on the point that this is the only authoritative declaration by this court on the subject, and that it conflicts with the doctrine in the present

case. The cases in this court do not sustain this contention. In *Fisher v. Otis,* 3 Pin. 78, this court, speaking on the subject, say:

"The general rule unquestionably is that the *lex loci contractus* controls the nature, construction, and validity of the contract. . . . From this rule, however, contracts made in one country, but to be performed in another, have very generally been excepted. And the reason of the exception is that the parties are supposed to intend to be governed by the laws of the country where their contract is to be performed or to take effect."

This rule is recognized as the established law in *Newman v. Kershaw,* 10 Wis. 333, as well as *Shores L. Co. v. Stitt,* 102 Wis. 450, 78 N. W. 562; *Bartlett v. Collins,* 109 Wis. 477, 85 N. W. 703, and *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664. In *Bartlett v. Collins,* this question was particularly considered and decided as a question necessarily involved in the case. It is there stated:

"As a general rule, the construction and validity of a purely personal contract depends on the law of the place where made. Story, Conflict of Laws. If, however, the contract is made in one place, to be performed in another, then, as a general rule, the place of payment and performance is the place of the contract. [Citing authorities.] This rule is founded on the idea that, in making a personal contract to be fully performed in another state, the parties must have had that other state in mind."

To show that the parties did not intend the place of performance to be the place of the contract, when void at the place of performance, it must clearly appear that they intended to be governed by the law of the place where it was made. No such evidence exists in this case. Since the place of performance or payment is expressed in the notes, the presumption, therefore, is that the parties contracted with reference to the law of that place. The foregoing cases in this court were regarded as controlling and applicable to the pres-

ent case, and were not then, and are not now, considered to be at variance with the decision in *Seamans v. Knapp-Stout Co. Co.* 89 Wis. 171, 61 N. W. 757. The case of *Scudder v. Union Nat. Bank,* 91 U. S. 406, decided that where a bill of exchange had been drawn by a firm of Chicago, Illinois, upon a firm at St. Louis, Missouri, and there was a parol acceptance by a member of the St. Louis firm present in Chicago where the bill was drawn, the validity of such acceptance is governed by the place of acceptance. In passing opinion upon this question, the court stated the general rule quoted in the *Seamans Case,* without giving the well-established exception, generally recognized, but not involved in that decision nor in the *Seamans Case.* We must hold the decisions of this court upon the question now presented have accepted and adhered to the rule adopted by the court in this case, namely, "When a contract is made in one state or country, to be performed in another state or country, it is to be regulated by the laws of the place of performance, without regard to the place at which it was written, signed, or dated, in respect to its nature, validity, interpretation, and effect" (1 Daniel, Neg. Inst. § 865), unless it clearly appears that the parties intended the contract should be governed by the law of the place where it was made.

*By the Court.*—Motion denied.