## PROSECUTION FOR KEEPING A GROCERY OPEN ON SUNDAY.

Common Pleas Court of Hamilton County.

GEORGE A. SCHLICHTE v. THE STATE OF OHIO.

Decided, August 1, 1908.

*Sunday Laws—Opening a Grocery is Common Labor—And Not a Work of Necessity—Jurisdiction of Mayor—For First Offense not Triable to a Jury—Section 7033.*

1. The opening of a grocery on Sunday, for the purpose of selling to all who may come, is not a work of necessity, and is a clear violation of the statute forbidding the performance of common labor on that day.

2. One who desires to set up the defense that his opening of a grocery on Sunday was a work of necessity or charity, must prove by satisfactory evidence that the sales which he made were of a character that would bring them within a proper definition of works of necessity or charity.

*Albert H. Morrill* and *Amos P. Foster,* for plaintiff in error.
*Thomas H. Darby,* contra.

WOODMANSEE, J.

This cause comes into this court on error from the court of the mayor of Delhi, Hamilton county, Ohio.

The affidavit in the case charges two offenses:

First. On Sunday, the 10th day of November, 1907, engaging in common labor, by selling groceries and sausage, not being work of necessity or charity; and

Second, causing to be opened on said day a place for the transaction of business, to-wit: selling tobacco, sausages and other goods.

This proceeding is brought under Section 7033 of the Ohio Statutes, which provides as follows:

"Whoever, being fourteen years of age, engages in common labor on the first day of the week, commonly called Sunday, and whoever, being over fourteen years of age, shall open, or cause to be opened, any building, or place for the transaction of business, on the first day of the week, commonly called Sunday,

\* \* \* shall upon complaint within ten days and upon conviction, be fined for the first offense twenty-five dollars. But this section does not apply to, or embrace work of necessity or of charity, and does not extend to persons who conscientiously observe the seventh day of the week as the Sabbath, and who do, in fact, abstain on that day from the doing of the things herein prohib ted on Sunday.''

Trial was had, and the mayor found plaintiff in error guilty, and fined him fifty dollars and costs.

It is sought to set aside said finding and sentence of the court, because of various alleged errors in the proceeding before the mayor, as set out in the petition in error filed herein.

This court finds that the mayor of Delhi had jurisdiction to try this cause, and that it was not triable by jury, for the reason that the penalty, being for a first offense as charged in the affidavit, did not include imprisonment.

A careful examination of the evidence discloses that plaintiff in error did keep his place of business, which was a grocery, open on Sunday, November 10, 1907, for the transaction of business. Aside from the technical defenses made at the trial, the chief defense is that the store was kept open because it was a work of necessity, and the offense charged thereby came under the exception provided by the statute. This law was originally passed by the Ohio Legislature in 1831, was slightly amended in 1864, and was again amended and put in its present form in 1898.

What are works of necessity, contemplated in the statute? We must not place upon it any strict construction, and say it applies only to services rendered in caring for our ''personal safety and the safety of our property.'' Measured by this rule is it a work of necessity for a grocer to carry on his ordinary business on the first day of the week? A necessity referring to a circumstance—to an act, is that which is unavoidable—that which is inevitable. This is the dictionary definition. The fact that the grocers of Ohio almost universally do not carry on business more than six days in the week would lead us to infer that they find no necessity to do otherwise. Special sales made by grocers under certain circumstances on Sunday might come with-

in the classification of a necessity, but to keep the store open for the purpose of selling to all who may come is in law considered not to be a necessity, and such act is a violation of this statute. In the case before us the evidence does not show the necessity of any sales made on the day in question. If the defendant wants to escape the penalty of the law by reason of the fact that the sales made were a matter of necessity it is for him to establish the same by proper evidence. In this he has totally failed. The evidence in this case does not even disclose that the articles sold were to be used on the day of purchase. In other words, so far as the evidence discloses, the articles could have been purchased the day before or the day later without working either any inconvenience or hardship to the purchaser.

The policy of the law seems to be to require our people to abstain from Sunday purchases, which it is claimed can be done, by laying in on Saturday supplies sufficient for Sunday. The effort to prove that certain people must have a place to buy their groceries on Sunday, because they can not buy on Saturday, is not convincing. But if all this were true it would not justify keeping the store open for the general "transaction of business," as charged in the affidavit.

It is not a necessity to buy anything on the first day of the week, which by the exercise of proper care might be purchased on the day previous. Sales to be a matter of necessity must be of things which reasonable foresight would not require you to purchase some other day, such as drugs and medicines.

If the plaintiff in error shall be permitted to keep his place of business open seven days in the week, then all like places of business should have the same privilege. We do not believe that any one would claim such a condition to be a compliance with the Ohio law.

By agreement, the proprietors of stores in like business in the same community, or in the same sections of a city, often remain closed at certain times, as, for instance, on Saturday afternoons during July and August, that their employes may be freed for a time from the exacting duties of the week. If another merchant comes into that community to carry on the same business, he is not a party to the agreement, and is not bound to remain

closed on Saturday afternoons in July and August; but if public sentiment is in favor of closing the same stores on Saturday afternoons, and the Legislature moulds that public sentiment into a law, and by a legal statute provides that, "He who keeps open any building for the transaction of business on Saturday afternoons for the months of July and August of each year, shall on conviction be punished by fine or imprisonment," then the merchants who want to treat their clerks generously can do so, and at the same time protect themselves from unfair competition by enforcing the law. A law of this kind is exactly the same as the one prohibiting open stores on the first day of the week—both "being founded on principles of public policy alone."

I quote from Judge Thurman, of the Ohio Supreme Court, as follows:

"The statute prohibiting common labor on the Sabbath could not stand for a moment as the law of this state if the sole foundation was the Christian duty of keeping that day holy, and its sole motive to enforce the observance of that duty. It is to be regarded as a mere municipal or police regulation, whose validity is neither strengthened nor weakened by the fact that the day of rest it enjoins is the Sabbath day.

"It is not to be understood that because a Sunday contract *may* be valid, therefore business may be transacted upon that as upon other days—as, for instance, by a merchant not of the excepted class, to wait upon his customers and receive and sell his wares is the common labor of a merchant, and there is a broad distinction between pursuing this avocation and the case of a single sale out of the ordinary course of business."

It would have been an easy matter to have affirmed the judgment in this case without an opinion, but as I have before me a number of cases involving the same points, I have felt disposed to go fully into an interpretation of the statute, as I understand it, and to thoroughly examine the decisions of other courts on this and like statutes. This case, involving questions of law, as well as of fact, has given the court opportunity to make a more general review of the case than would otherwise be possible or proper.

This court has carefully examined the decisions of the courts of various states of the Union, and this opinion is in absolute harmony with the same. There is not a single decision to the contrary that has come to the attention of this court. Special attention has been given to the cases reported in 2 O. S., 387; 58 O. S., 676; 78 O. S., 76; 140 Penn. State, 98; 145 Mass., 430.

The case of *The Commonwealth of Massachusetts* v. *Crowley*, reported in 145 Mass., 430, is strictly in point. Crowley was prosecuted under the statute making it an offense to keep open a shop "for the purpose of doing business therein, the same not being then and there works of necessity or charity." The defense was made under an amendment to the statute that exempted bakers for selling their own product during certain hours of the day. The defendant kept a shop for the purpose of selling groceries, fancy articles, bread, pastry and milk. He was found guilty, and the Supreme Court sustained the finding, holding that what was done was not a work of necessity, and in that case did not come under the exception. The court said to hold otherwise "would allow a large portion of the grocers and provision dealers of the commonwealth to open their shops on Sunday."

"We do not make the law; our duties are limited to interpretating it, and we feel ourselves bound by the construction which our predecessors have placed upon the act for nearly a century."

So it is, this court finds the law. If modern civilization requires the putting aside of these restraints, it can only be done by an appeal to the law making power. The courts can not make the law. The province of the judge is to interpret the law as he finds it.

It is clearly established in the bill of exceptions that the plaintiff in error opened or caused to be opened his store for the transaction of business on November 10, 1907, which was the first day of the week, and the same, in no way, comes under either of the exceptions provided by the statute. The claim of the plaintiff in error that it was a work of necessity is not sustained by the evidence.

Judgment affirmed.